IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, # R-31861, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 14-cv-720-NJR |
| | ) |
| MARK PHOENIX, | ) |
| MONICA NIPPE, | ) |
| and C/O MEZO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

  This matter is before the Court for case management. Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"), where he is serving a 40-year sentence for murder. On June 24, 2014, he submitted two documents via electronic transmission from Menard, both of which were filed to initiate this case (Docs. 1 & 1-1). However, the documents are captioned differently, and they relate to two distinct claims and requests for relief.

  Doc. 1-1 is entitled, "'Help' Imminent Danger 'Help,'" and names Defendant C/O Mezo in the caption. In this document, Plaintiff states that he wants to file a civil complaint for failure to protect him from being sexually assaulted. His grievance over the matter has been recently denied, and he claims he needs immediate help from the Court before his administrative appeal can be exhausted. On June 19, 2014, after he had an attorney phone call, Defendant Mezo (or Mezzo, as Plaintiff spells it in the body of the document) threatened Plaintiff that he better drop

his lawsuit[1] or he would "suffer more than before" (Doc. 1-1, p. 1).  Plaintiff did not know which incident of suffering Defendant Mezo may have been referring to, but he describes the threat as intimidating and serious.  He then refers to an Exhibit 1 (which is not included) and certifies that "this letter" was filed to the Court "with the Attached Complaint" (Doc. 1-1, p. 2).  The only complaint received by the Clerk on the same day was filed as Doc. 1.

Plaintiff's complaint at Doc. 1 purports to be a document initiating criminal charges against Defendants Phoenix and Nippe for recurring incidents of tampering with and destroying Plaintiff's mail.  He identifies several law enforcement officials "On behalf of Maurice Jackson," including the United States Marshal, the Director of the Illinois State Police, and a Randolph County Sheriff's Officer.  He states that he has previously brought a § 1983 civil suit against Defendants Phoenix and Nippe (Case No. 13-cv-714-MJR-SCW).  Attached to the one-page statement expressing Plaintiff's desire to bring criminal charges are 53 pages of documents, including a portion of the complaint from Case No. 13-cv-714, as well as other correspondence, grievances, and other material relating to that case.  None of these documents or the allegations contained therein relates in any way to Plaintiff's claim in Doc. 1-1 that he is in imminent danger from Defendant Mezo or any other person who might assault him.

Plaintiff previously raised the allegation that his cellmate was attempting to sexually assault him in a motion for injunctive relief which initiated the case filed as *Jackson v. Dowdy, et al.*, Case No. 14-cv-511-JPG (filed May 5, 2014).  In that case, Plaintiff was ordered to submit a complaint, and he was warned of the prohibition against pursuing unrelated claims against

---

[1] Plaintiff currently has six other pending lawsuits before this Court: *Jackson v. Hoffman, et al.*, Case No. 12-cv-233-MJR-SCW (filed March 14, 2012); *Jackson v. Welborn, et al.*, Case No. 12-cv-961-JPG-PMF (severed from Case No. 12-cv-233 on Aug. 27, 2012); *Jackson v. Phoenix, et al.*, Case No. 13-cv-714-MJR-SCW (filed  July 19, 2013); *Jackson v. Harner, et al.*, Case No. 13-cv-825-MJR-SCW (severed from Case No. 13-714 on Aug. 12, 2013); and *Jackson v. Allsup, et al.*, Case No. 13-cv-920-MJR-DGW (filed Sept. 6, 2013); *Jackson v. Dowdy, et al.*, Case No. 14-cv-511-JPG (filed May 5, 2014).

different defendants in the same action (Doc. 6 in Case No. 14-cv-511-JPG). *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007). Plaintiff did later submit a complaint in that action, which is now under review by the Court. Notably, however, that complaint does not include any allegations regarding the claimed threat of sexual assault.

Returning to the case before the Court, Plaintiff is not empowered to file criminal charges against Defendants Phoenix or Nippe. An alleged victim of a crime does not have authority to file a criminal complaint on his own. Sole authority to initiate a federal *criminal* prosecution rests with the United States Attorney, who may be contacted in this Judicial District at: United States Attorney's Office, 9 Executive Drive, Fairview Heights, Illinois, 62208. Likewise, only state officials may initiate a criminal case for the violation of state law. If Plaintiff wishes to lodge a criminal complaint, he must contact the United States Attorney or other appropriate official. The complaint filed herein as Doc. 1 is not effective to initiate criminal charges. Further, it is duplicative of the ongoing civil rights action pending in this Court as *Jackson v. Phoenix, et al.*, Case No. 13-cv-714-MJR-SCW. For these reasons, the Court shall strike this pleading from the record and dismiss Defendants Phoenix and Nippe from this action.

The allegations Plaintiff raises in Doc. 1-1, that he is in danger of attack or some other harm at the hands of Defendant Mezo or others, concern the Court. This document, however, is insufficient to serve as a complaint, and it fails to state a cognizable claim upon which relief may be granted. Plaintiff does not explain whether he requested assistance from any prison official to protect him from the potential sexual assault, nor does he describe any response he received, if he reported his concerns. Plaintiff appears to recognize the deficiencies of Doc. 1-1 (which he refers to as a "letter"), because he referenced an "attached complaint" which he intended to file in this matter. If Plaintiff wishes to pursue his failure to protect claim against Defendant Mezo

or other responsible parties, he must file a complaint in this action that includes relevant factual allegations, in order for the matter to proceed.

**IT IS THEREFORE ORDERED** that the complaint purporting to bring criminal charges (Doc. 1) is **STRICKEN FROM THE RECORD**.  Plaintiff's letter now filed as Doc. 1-1 shall remain as part of the record of this case, and the Clerk is **DIRECTED** to re-file that document as a letter from Plaintiff.

Defendants **PHOENIX** and **NIPPE** are **DISMISSED** from this action with prejudice.  The Clerk is **DIRECTED** to add **C/O MEZO** to this action as a party defendant.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL FILE** a complaint in this action, within **35 days** of the entry of this order (on or before **August 1, 2014**).  The complaint shall include all factual allegations that relate to Plaintiff's claim that prison official(s) have failed to protect him from actual or potential physical harm as referenced in Doc. 1-1, and it may include his allegations regarding threats issued by Defendant Mezo.  Plaintiff shall not include any other issues that are not related to these matters.

Failure to file a complaint by this deadline shall result in the dismissal of this action for failure to state a claim upon which relief may be granted.  Such a dismissal shall count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is reminded that his complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  It should clearly identify which claim(s) he is bringing against which defendant(s), and it should demonstrate which defendant(s) are personally responsible for any claimed violation of Plaintiff's constitutional rights.  Plaintiff is encouraged to use the Court's form complaint as he prepares his pleading.  The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for a

person in custody.

      **IT IS FURTHER ORDERED** that Plaintiff shall either pay the $400.00[2] filing fee for this action or submit a motion for leave to proceed in forma pauperis ("IFP") by the 35-day deadline noted above.  A blank form IFP motion was previously mailed to Plaintiff by the Clerk (Doc. 2).  A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

      Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      DATED:  June 26, 2014

                                                *s/ Nancy J. Rosenstengel*
                                                Nancy J. Rosenstengel
                                               United States District Judge

---

[2] If Plaintiff applies for and is granted IFP status, the filing fee shall be $350.00.  See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.