IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, # R-31861, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-720-NJR |
| | ) |
| C/O V. SMITH, | ) |
| C/O BAKER, | ) |
| REBECCA CREASON, | ) |
| SGT. PELKER, | ) |
| C/O MEZZO, | ) |
| LT. EVERSIZER, | ) |
| C/O SPILLER, | ) |
| C/O PHELPS, | ) |
| ROBERT D. GRANT, | ) |
| BRAD THOMAS, | ) |
| and WEXFORD HEALTHCARE, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. On June 27, 2014, the original complaint in this action was stricken, and Plaintiff was ordered to submit a complaint stating his claim that Defendants failed to protect him from actual or potential sexual assault by his cellmate (Doc. 3). He was given until August 1, 2014, to submit the complaint. In addition, Plaintiff was ordered to either pay the filing fee for this action or file a motion for leave to proceed *in forma pauperis* ("IFP") by the same August 1, 2014, deadline (Doc. 3, p. 5).

On July 1, 2014, it was discovered that another complaint submitted by Plaintiff and filed as *Jackson v. Smith, et al.*, Case No. 14-cv-748-NJR, appeared to be the complaint that Plaintiff referenced in his letter at Doc. 4 herein, raising his failure-to-protect claims. The undersigned

Judge closed Case No. 14-cv-748-NJR and directed the Clerk to file the complaint from that action as the operative complaint herein (See Doc. 3 in Case No. 14-cv-748-NJR). That complaint was filed in this case as Doc. 5. As Plaintiff has not submitted any other pleading within the August 1 deadline, the Court presumes that he wishes to proceed on the complaint at Doc. 5.

However, Plaintiff has failed to comply with the remaining directive of the Court's June 27, 2014, order – that he either pay the $400.00 filing fee or submit a motion for leave to proceed IFP (Doc. 3). Some two weeks have passed since the expiration of Plaintiff's August 1, 2014, deadline, and the Court has received no communication from him whatsoever regarding his filing fee obligation or any other matter pertaining to this case since the entry of the orders described above. Accordingly, this action is subject to dismissal for Plaintiff's failure to prosecute the matter or to comply with the June 27, 2014, order of this Court (Doc. 3).

Although this case shall be dismissed, Plaintiff's obligation to pay the filing fee was incurred when he filed the action and continues even after the case is closed. Accordingly, the filing fee of $400.00[1] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** for failure to prosecute and failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997). This dismissal shall not count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

**IT IS FURTHER ORDERED** that the agency having custody of the Plaintiff is directed to remit the $400.00 filing fee from his prisoner trust fund account if such funds are available.  If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher.  Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account (including all deposits to the inmate account from any source) until the $400.00 filing fee is paid in full.  The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid.  In addition, Plaintiff shall note that the filing fees for multiple cases cumulate.  *See Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).  A prisoner who files one suit must remit 20% of his monthly income to the Clerk of the Court until his fees have been paid; a prisoner who files a second suit or an appeal must remit 40%; and so on.  *Newlin*, 123 F.3d at 436.  "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid."  *Id*.  Payments shall be mailed to:  Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Menard Correctional Center upon entry of this Order.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the

$505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[2] may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 14, 2014**

Digitally signed by Nancy J Rosenstengel
Date: 2014.08.14 11:35:33 -05'00'

_____
NANCY J. ROSENSTENGEL
United States District Judge

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).